UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TANYA GALLO,                                              **COMPLAINT**

                    Plaintiff,                        Plaintiff Demands
  -against-                                                   Trial by Jury

CAMELOT OF STATEN ISLAND, INC.,

                  Defendants.
-----------------------------------------------------------------X

Plaintiff by her attorneys, DeTOFFOL & GITTLEMAN, Attorneys at Law, upon information and belief, complains of the Defendant herein, alleging at all relevant and materials times and upon information and belief, as follows:

## Nature of The Case

Plaintiff complains against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended ("Title VII"), and pursuant to *Gibb*, 38 U.S. 715 (1966), and the New York State Human Rights Law under NYS Executive Law §296 et. seq. ("NYSHRL"), NYC Human Rights Laws, and seek damages to redress the injuries Plaintiff has suffered as a result of sexual orientation-based hostile work environment and retaliation.

## Jurisdiction & Venue

1. Jurisdiction of this action is conferred upon the Court insofar that this action involves a federal question under Title VII of the Civil Rights Act. The Court, pursuant to *Gibb*, 38 U.S. 715 (1966), also has supplemental jurisdiction over the Counts based on laws of the State of New York.

1

2. Venue is proper in this district under 28 U.S.C. §1391(b) and otherwise based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York, and Plaintiff was employed by Defendant within the Eastern District of the State of New York.

3. Plaintiff received a Right to Sue Letter, and this Complaint has been filed within 90 days of receipt of the aforementioned permission letter [*Right to Sue Letter Annexed hereto*].

4. Plaintiff Tanya Gallo ("Ms. Gallo" or "Plaintiff") is a female individual who resides in Richmond County, New York.

5. Defendant Camelot of Staten Island is a Corporation was and still is a corporation company duly licensed to do business in the State of New York.

6. Defendant, upon information and belief, have employed not less than fifteen employees for all relevant periods, and the entire time period of Plaintiffs' employment, and is a covered employer subject to Title VII.

7. Plaintiff, for all relevant periods here with, was a Title VII covered employees of Defendant.

8. There was a direct employer-employee relationship between Plaintiff and Defendant, in which the Defendant hired the Plaintiff and provided her with a wage for her work.

9. At all relevant times, the Defendant was engaged in an industry affecting commerce and employed 50 or more employees during 20 or more calendar weeks in each current and/or preceding calendar year.

10. Tamara Levin ("Supervisor Levin") is an employee of Defendant, with the title Program Supervisor and Clinical Director, with the supervisory authority, performance authority, and hiring and firing capacity over Ms. Gallo.

11. Defendant hired Ms. Gall on or about March 2022 at the location 4442 Arthur Kill Rd, Staten Island, NY 10309

12. Ms. Gallo is a Primary Counselor at Camelot Counseling ("Camelot").

13. While at Camelot, Ms. Gallo has experienced severe sexual orientation harassment and differential treatment – perpetrated by Tamara Levin.

14. On or about the middle of 2022, Supervisor Tamara informed Ms. Gallo that gay client-patient(s) seek treatment at Camelot and proceeded to tell Ms. Gallo that she should actively conceal her sexual orientation and avoid the display of any symbols of gay pride/LGBTQ equality.

15. On or about July 2022, Ms. Gallo reported to her supervisor that a patient had inappropriately used a derogatory term for a gay person. Shortly thereafter, Supervisor Tamara chastised Gallo for being protective of gay patients and began a tirade of fabricating rumors regarding Gallo.

16. Subjected to a distressing escalation of mistreatment after courageously speaking up, Ms. Gallo has faced ongoing harassment at the hands of Supervisor Levin. This profoundly concerning behavior intensified as Ms. Gallo sought to protect a gay patient(s) from derogatory language.

17. On or about July 2022, Ms. Gallo reported to Supervisor Levin that a co-worker was using the term "faggot" in the Workplace but she received no response.

18. On or about July 2022, shortly after reporting the co-worker and patient for derogatory comments, Supervisor Levin repeatedly summoned Ms. Gallo to her office, where she was unfairly reprimanded for her compassionate actions toward the gay patient(s). This has occurred

on no less than four separate occasions, reflecting a persistent and targeted campaign against Ms. Gallo.

19. Further compounding the mistreatment, following Ms. Gallo's complaints, Supervisor Levin spread malicious and fabricated rumors about Ms. Gallo.

20. These baseless allegations include: A false claim that Ms. Gallo has not maintained appropriate boundaries with gay patient(s); A groundless accusation that Ms. Gallo has been continuously badmouthing the organization to her colleagues; A concocted a fictitious story in which Ms. Gallo supposedly harmed her client, and then she proceeded to penalize Ms. Gallo for this fabrication unjustly.

21. During a staff meeting, Supervisor Levin displayed blatant disapproval of LGBTQ-related books for treatment for gay patients and further accused client(s) of manipulation when seeking access to the subject relevant resources.

22. Supervisor Levin has attempted to isolate Ms. Gallo from gay patient(s), actively working to undermine her professional relationships and the vital support she provides.

23. In October 2022, Ms. Gallo reported the incidents of sexual orientation-based harassment committed by Supervisor Levin to her direct supervisor.

24. Rather than addressing the harassment and fostering a safe and inclusive work environment, Supervisor Levin further retaliated against Ms. Gallo. Specifically, in November 2022, in response to Ms. Gallo's complaints of discrimination and in a stark admission, Supervisor Levin revealed to Ms. Gallo's direct supervisor that her goal was to "exile" Ms. Gallo. Instead of rectifying the situation, Supervisor Levin pursued a course of retaliation against an employee who sought to exercise her rights.

25. Although Supervisor Levin initially attempted to terminate Ms. Gallo's employment, she relented and facilitated a transfer of Ms. Gallo to an outpatient facility.

26. This transfer, which took place subsequent to Ms. Gallo's fervent objections and reports of severe workplace harassment and discrimination, was a transfer to a facility in which Ms. Gallo would be working directly under Supervisor Tamara, the individual where helped create the hostile work environment.

27. On or about May 2023, in an overt act of retaliation and without providing cogent, valid reasons, Ms. Gallo was placed on unpaid administrative leave.

28. The leave was not accompanied by communication regarding the duration of the leave or the conditions under which Ms. Gallo would be permitted to return to her position. Instead, it was a purposefully endless leave.

29. The lack of transparency and fairness in this process left Ms. Gallo in a precarious position, both professionally and financially, as she was deprived of income and left in professional limbo without adequate explanation or justification.

30. The circumstances, spearheaded by unfounded accusations, malicious professional sabotage, and a palpably unjust administrative leave, left her with no viable alternative but to seek new avenues of employment to safeguard her financial stability and professional future.

31. Thus, Ms. Gallo began a search for new opportunities, driven not by a desire to abandon her role and the clients she had served with dedication but by the imperatives of self-preservation and financial necessity, engendered by the untenable and unjust circumstances imposed upon her.

32. Ms. Gallo's imposition into an indefinite, unpaid administrative leave operated as a termination in practice.

33. This de facto and constructive termination arose not from performance deficits or legitimate organizational needs, but rather in direct retaliation following Ms. Gallo's protected complaints about pervasive sexual orientation harassment and differential treatment, placing it in stark violation of legal protections against workplace retaliation and discrimination.

34. Plaintiff has suffered and continues to suffer economic and emotional distress, depression humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

35. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, non-pecuniary losses, as well as pecuniary losses.

36. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands a punitive damage assessment against Defendant.

37. In sum, Plaintiff seeks damages for past and future lost wages, emotional distress, attorneys' fees, and punitive damages.

## COUNT 1
## UNDER FEDERAL TITLE VII
### Sex-Based Hostile Work Environment

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

39. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. § 1981, for relief based upon the unlawful employment practices of Defendant.

40. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sexual Orientation.

41. SEC. 2000e-2. [Section 703] states as follows: (a) Employer practices It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42. Defendant violated the section cited herein as set forth and engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by creating and maintaining a hostile discriminating work environment against Plaintiff because of her sexual Orientation.

## COUNT 2
## UNDER FEDERAL TITLE VII
### Retaliation

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: (1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

44. Defendant violated the section cited herein as set forth and retaliated against Plaintiff because he opposed Defendants' unlawful employment practices.

## COUNT 3

**UNDER N.Y.S. EXECUTIVE LAW**
**Sex-Based Hostile Work Environment**

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. Executive Law § 296 provides that : 1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

47. Defendants violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by creating and maintaining a hostile discriminating work environment against Plaintiff because of her sexual Orientation.

**COUNT 4**
**UNDER N.Y.S. EXECUTIVE LAW**
**Retaliation**

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

49. New York State Executive Law §296(7) provides that it shall be an unlawful: For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article.

50. Defendant violated the section cited herein as set forth and engaged in an unlawful discriminatory practice by retaliating and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

## COUNT 5
## NYC ADMINISTRATIVE CODE
### Sex & Race Discrimination

51. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice:

(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

53. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(a) by creating and maintaining a hostile discriminating work environment by against Plaintiff because of her sexual orientation.

## COUNT 6
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### NYC Retaliation

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The New York City Administrative Code Title 8, §8-107(l)(e) provides that it shall be unlawful discriminatory practice:

9

"For an employer... to discharge ... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

56. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(l)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendant.

## Relief

WHEREFORE, Plaintiff respectfully demands against Defendant on each and every respective Count:

(a)   An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to economic damages for lost past back pay and future front pay wages and attendant benefits;

(b)   An award to Plaintiff of compensatory damages in an amount to be determined at trial for all damages including but not limited to past and future non-economic damages for Plaintiff Humiliation, pain and suffering and emotional distress sustained;

(c)   An award to Plaintiff of the costs of this action, including their reasonable attorney's fees to the fullest extent permitted by law;

(d)   An award of punitive damages in an amount to be determined at trial; and

(e)   Such other and further relief as this Court deems necessary and proper.

## Jury Demand

Plaintiff requests a jury trial on all issues to be tried.

_____
Joshua Gittleman, Esq.
DeTOFFOL & GITTLEMAN, Attorneys at Law
125 Maiden Lane – Suite 5C
New York, New York 10038
Tel. (212) 962-2220
Attorneys for Plaintiff
11

| EEOC Form 161-B (01/2022) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Tanya Gallo<br>35 Corson Avenue<br>Staten Island, NY 10301 | From: | New York District Office<br>33 Whitehall St, 5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| EEOC Charge No.<br>**520-2023-04151** | EEOC Representative<br>**ANDREA MACANCELA,**<br>**Investigator** | Telephone No.<br>**9295065351** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

　　Less than 180 days have elapsed since the filing date. I certify that the Commission s processing of this charge will not be completed within 180 days from the filing date.

　　The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

　　　　　　　　　　　　　　　　　　On behalf of the Commission

　　　　　　　　　　　　　　　　　　Digitally Signed By:Timothy Riera
　　　　　　　　　　　　　　　　　　07/26/2023

Enclosures(s)　　　　　　　　　　　　**Timothy Riera**
　　　　　　　　　　　　　　　　　　**Acting District Director**

cc:　**P Costello**
　　　pcostello@camelotcounseling.com

　　　**Joshua Gittleman**
　　　**DeToffol & Gittleman - Attorneys at Law**
　　　**125 Maiden Lane Suite 5C**
　　　**New York, NY 10038**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*